## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 14 2019, 8:56 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Angela Sanchez
Deputy Attorneys General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Darr,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 14, 2019

Court of Appeals Case No.
18A-CR-1516

Appeal from the Wayne Circuit Court

The Honorable David A. Kolger, Judge

Trial Court Cause No.
89C01-1610-F4-56

**Pyle, Judge.**

## Statement of the Case

David Darr ("Darr") appeals his conviction by jury of Level 4 felony burglary[1] as well as his adjudication as an habitual offender. He argues that the evidence is insufficient to support his conviction because the State failed to prove his identity beyond a reasonable doubt. Concluding that the evidence is sufficient to support Darr's conviction, we affirm.

We affirm.

## Issues

Whether there is sufficient evidence to support Darr's conviction.

## Facts

The facts most favorable to the verdict reveal that in October 2016, Roger Whitsit ("Whitsit") heard a person kicking in the door to his neighbor John Brown's ("Brown") apartment. Whitsit called Brown on his cell phone to let him know that someone was breaking into his apartment. Whitsit then dialed 911 to report that he had seen two men leaving Brown's apartment. Whitsit told the 911 operator that one of the men was wearing black shoes, black socks, camouflage shorts, and a gray sweatshirt with a black hoody under it.

After receiving Whitsit's telephone call, Brown immediately drove to his apartment and saw Darr leaving the complex. Darr was carrying one of

---

[1] IND. CODE § 35-43-2-1.

Brown's pillowcases, which contained items from Brown's apartment. As Darr ran across the street, a surveillance camera from a nearby house captured his image. Darr dropped Brown's belongings and hid under the deck of another house.

Richmond Police Department officers arrived at the scene and found Darr under the deck. Darr was wearing black shoes, black socks, camouflage shorts, and a gray sweatshirt with a black hoody under it. The officers returned Darr to Brown's apartment complex, where Whitsit identified him as the man whom he had seen leaving Brown's apartment. In addition, Brown identified him as the man he had seen fleeing with a pillowcase containing Brown's personal items.

The State charged Darr with Level 4 felony burglary and alleged that he was an habitual offender. At trial, the State's exhibits included the surveillance video that showed images of Darr fleeing the scene and the pillowcase that Darr had dropped. Whitsit and Brown both identified Darr in court.

The jury convicted Darr of burglary, and Darr admitted to being an habitual offender. Darr now appeals his burglary conviction.

# Decision

Darr argues that there is insufficient evidence to support his conviction because the State failed to prove his identity beyond a reasonable doubt. Our standard of review for sufficiency of the evidence claims is well settled. We consider only the probative evidence and reasonable inferences supporting the verdict.

*Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We do not reweigh the evidence or judge witness credibility. *Id.* We will affirm the conviction unless no reasonable fact finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may be reasonably drawn from it to support the verdict. *Id.* at 147.

[9] Here our review of the evidence reveals that Whitsit saw Darr leaving Brown's apartment, and Brown saw Darr fleeing with Brown's pillowcase and personal items. A surveillance video showed Darr dropping the pillowcase as he fled. Police found Darr under the deck of a nearby house and returned him to the scene, where Whitsit and Brown both identified him. Whitsit and Brown also identified Darr at trial. This evidence is sufficient to establish Brown's identity beyond a reasonable doubt and to support his burglary conviction.

[10] Affirmed.

Najam, J., and Altice, J., concur.